UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUBERT ARVIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1638** |
| **ROBERT C. TANNER, WARDEN, ET AL.** | **SECTION "J" (4)** |

## ORDER AND REASONS

The plaintiff, Hubert Arvie, is incarcerated in the Rayburn Correctional Center in Angie, Louisiana. He is a frequent filer of frivolous lawsuits in the federal courts. He filed this pro se civil complaint, alleging medical negligence and improper retaliatory actions, including termination of job duties and disciplinary reports filed against him by prison officials, in response to plaintiff filing several ARP complaints. (Rec. Doc. No. 1, Complaint).

With his complaint, plaintiff submitted an application to proceed *in forma pauperis* pursuant to Title 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1 (B)(1) and Title 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as

frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's research reveals that plaintiff, while incarcerated, has filed at least three civil actions or appeals in federal courts that have been dismissed as frivolous. Plaintiff has therefore accumulated three strikes under the PLRA. See *Arvie v. Laffose*, No. 91-4364, 946 F.2d 1544 (5th Cir. Oct. 16, 1991) (unpublished); *Arvie v. Bailey*, No. 92-8139, 1 F.3d 1237 (5th Cir. May 7, 1993) (unpublished); *Arvie v. Cain*, No. 94-1683-B-1 (M.D. Nov. 10, 1994). He is barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is in prison unless he "is under imminent danger of serious physical injury." *Arvie v. Lastrapes*, 95-30967 (5th Cir. June 15, 1997). He has not alleged that he is in any imminent danger of suffering serious physical injury. For the foregoing reasons,

**IT IS ORDERED** that the plaintiff's motion to proceed *in forma pauperis* is **DENIED** pursuant to Title 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 28th day of June, 2012.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**