UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUBERT ARVIE                                            CIVIL ACTION

VERSUS                                                   NO: 12-1638

ROBERT C. TANNER, WARDEN,            SECTION: J(4)
ET AL.

## ORDER

Before the Court is Plaintiff Hubert Arvie's **Motion for Review of the United States Magistrate Judge's Order (Rec. Doc. 3).** In the motion, Plaintiff seeks review of the magistrate judge's Order denying his Application to Proceed in Forma Pauperis **(Rec. Doc. 2).**

## BACKGROUND FACTS

Plaintiff is an inmate incarcerated at the Rayburn Correctional Center in Angie, Louisiana. He filed this pro se civil case on June 25, 2012, alleging that he has been denied necessary medical care and accommodations and has additionally been subjected to improper retaliatory actions by prison officials, including termination of job duties and disciplinary reports filed against him, in response to filing several ARP complaints.[1]

Included with Plaintiff's complaint was an application to

---

[1] Complaint, Rec. Doc. 1-1.

proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[2] On June 28, 2012, the magistrate judge denied his application to proceed in forma pauperis.[3] Noting that Plaintiff is a "frequent filer of frivolous lawsuits in the federal courts," the magistrate held that Plaintiff was barred from proceeding in forma pauperis under the "three strikes" provision of 28 U.S.C. § 1915(g). Although there is a statutory exception for claims alleging "imminent danger of serious physical injury," the magistrate found that Plaintiff's complaint failed to allege any imminent danger of serious physical injury and therefore denied his application. The instant motion followed.

## LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive civil motion, such as a motion to proceed *in forma pauperis*, may be appealed to the district court for review under Rule 72 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 72(a). When a timely objection to such a ruling has been filed, the district court must evaluate the magistrate's decision and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Id.; see also Poche v. Butler, No. 07-3506, 2007 WL 2695350, at *1 (E.D. La. Sept. 11, 2007) (applying the "clearly erroneous or contrary to law" standard when reviewing a magistrate judge's denial of a motion to proceed

---

[2] Rec. Doc. 1.

[3] Rec. Doc. 2, p. 1.

*in forma pauperis*).  Under this highly deferential standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently." Ordemann v. Unidentified Party, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (quoting Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007).  Instead, the decision must be affirmed unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

**DISCUSSION**

After an independent review of the record, the magistrate judge's order, and Plaintiff's objections thereto, the Court finds that no such mistake has been made in the instant case.

As previously noted, the magistrate judge denied Plaintiff's application to proceed *in forma pauperis* pursuant to the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA").  The pertinent statutory section provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As the magistrate judge noted, Plaintiff has accumulated at

least three strikes under the PLRA on account of his previous frivolous filings in this Court, the Middle District of Louisiana, and the United States Court of Appeals for the Fifth Circuit. See Arvie v. Lastrapes, No. 95-30967, 1997 WL 34211855 (5th Cir. June 15, 1997); Arvie v. Bailey, No. 92-8139, 1 F.3d 1237 (5th Cir. 1993); Arvie v. Laffose, 946 F.2d 1544 (5th Cir. 1991); Arvie v. Cain, No. 94-1683, Rec. Doc. 5 (M.D. La. Nov. 10, 1994). Accordingly, the magistrate judge correctly found that the PLRA bars Plaintiff from being granted *in forma pauperis* status unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Citing various cases from courts outside the Fifth Circuit, Plaintiff contends that his allegations regarding Defendants' refusal to provide him appropriate medications, a specialized diet, and other accommodations in order to ameliorate and/or treat his Hepatitis C and diabetes are sufficient to show imminent danger of serious physical injury. However, none of the authority upon which Plaintiff relies is binding upon this Court, and the cases from sister courts within this circuit appear contrary to his position. See, e.g., Edmond v. Tex. Dept. Of Corr., Nos. 97-10819, 97-11170, 97-11202, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (inmate's allegations that prison officials' refusal to provide adequate medical care had caused seizures and nervous attacks were "insufficient to meet the threshold requirement of imminent danger of physical injury");

Williams v. Louisiana, No. 07-0602, 2007 WL 1747010, at *2, *4 (E.D. La. May 7, 2007) (prisoner's claims that "ha[d] not been furnished a specialized diet for his diabetes and hypertension" were insufficient to make the showing required by § 1915(g)); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D. La. July 25, 2001) (inmate's allegations that prison doctors refused to administer proper treatments for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); Harrison v. Arasor, No. 11-712, 2011 WL 1831703, at *1-*2 (N.D. Tex. Apr. 20, 2011) (allegations of insufficient accommodations for management of inmate's diabetes did not show imminent danger of serious physical injury); Patterson v. Dretke, No. 04-0132, 2004 WL 1205126, at *2 (N.D. Tex. June 2, 2004) (finding that plaintiff had not presented facts showing imminent danger of serious physical injury resulting from denial of treatment for his Hepatitis C). Accordingly, the Court agrees with the magistrate judge's conclusion that Plaintiff's complaint does not show that he is currently "under imminent danger of serious physical injury," as required by 28 U.S.C. § 1915(g).

Because the Court finds that the magistrate's ruling was not "clearly erroneous or contrary to law," **IT IS ORDERED** that the Plaintiff's **Motion for Review of the United States Magistrate Judge's Order (Rec. Doc. 3)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $350.00 filing fee to the Clerk of this Court if he wishes to proceed

with this action, in default of which his claims will be dismissed.

New Orleans, Louisiana this 21st day of August, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE